IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY A. HULLET                                                                                                    PLAINTIFF

vs.                                           Civil No. 6:14-cv-06102

CAROLYN W. COLVIN                                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Gary Hullet ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 10.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for DIB on July 28, 2011.  (Tr. 10, 150-151).  Plaintiff alleged he was disabled due to degenerative disc disease and bipolar disorder.  (Tr. 167).  Plaintiff alleged an onset date of January 1, 2007.  (Tr. 10, 167).  This application was denied initially and again upon reconsideration.  (Tr. 10).  Thereafter, Plaintiff requested an administrative

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

hearing on his application and this hearing request was granted.  (Tr. 78-79).

Plaintiff's initial administrative hearing was held on January 24, 2013, but he failed to attend.  (Tr. 26-33).  The ALJ took testimony from a Vocation Expert ("VE") at that time.  *Id.*  The ALJ set a second date for administrative hearing on April 8, 2013.  (Tr. 34-69).  Plaintiff was present, but not represented by counsel, at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(d), and had a high school education.  (Tr. 38).

On May 31, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 10-21).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010.  (Tr. 12, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2007.  (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of cervical degenerative disc disease with moderate scoliosis, lumbar disc bulging with small protrusion, major depression and bipolar disorder.  (Tr. 12, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 14-19).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC for medium work with the ability to lift and carry no more than 50 pounds at a time with frequent lifting and carrying of up to 25 pounds, and the ability to perform activities that require a

good deal of walking or standing, up to six hours in an 8-hour workday; restricted to semi-skilled work where interpersonal contact is routine but superficial, the complexity of tasks is learned by experience, involves several variables, uses judgment within limits, and the supervision required is little for routine, but detailed for non-routine tasks.  (Tr. 14, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 19, Finding 6).  The ALJ found Plaintiff unable to perform his PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 20, Finding 10).  The ALJ based his determination upon the testimony of the VE.  *Id.*  Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as inventory clerk with 1,200 such jobs in Arkansas and 100,000 such jobs in the nation and industrial truck operator with 5,700 such jobs in Arkansas and 320,000 such jobs in the nation.  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 1, 2007, through the date last insured of December 31, 2010.  (Tr. 21, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 5).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-4).  On September 10, 2014, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 4, 2014.  ECF No. 10.  Both Parties have filed appeal briefs.  ECF Nos. 17, 18.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 17, Pg. 8-11. Specifically, Plaintiff claims the ALJ erred in failing to fully develop the record based on the ALJ's failure to order any consultative examinations. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 18.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence

is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Further, "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Dozier v. Heckler,* 754 F.2d 274, 276 (8th Cir. 1985) (*quoting Reeves v. Heckler,* 734 F.2d 519, 522 n.1 (11th Cir. 1984)).

The ALJ concluded Plaintiff had severe physical and mental impairments; however, he determined the severe impairments did not render Plaintiff disabled. Plaintiff argues the ALJ should have ordered a physical consultative examination and mental consultative examination based on his alleged physical and mental impairments.

The medical record in this matter is very limited. It should be noted Plaintiff was not represented by counsel at the administrative level which might be a cause of the limited medical record. However, the administrative hearing is not an adversarial proceeding. *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994).

A review of the record shows it does not contain enough information for the ALJ to formulate an RFC determination. In fact, two physicians employed by the State Disability Determination Services ("DDS") to review Plaintiff's file and determine his physical RFC, both determined the Plaintiff's medical record insufficient to rate his physical RFC. (Tr. 254- 258, 259- 261). Furthermore, a DDS mental health professional also determined the record insufficient to rate Plaintiffs mental RFC. (Tr. 262-263).

As a result of these findings, this Court finds the ALJ failed to properly develop the record.

On remand, further development of these issues is needed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29th day of May 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE